United States District Court
Southern District of Texas
**ENTERED**
December 05, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES THOMAS DOTY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-4874 |
| | § | |
| SUN AUTO & TIRE SERVICE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Sun Auto & Tire Service's Rule 12(b)(6) Motion to Dismiss (Document No. 5). Having considered the motion, submissions, and applicable law, the Court determines that the pending motion should be granted.

## I. BACKGROUND

This is a case involving an employment related dispute. Plaintiff Charles Thomas Doty ("Doty"), a certified automotive technician, brings suit against his former employer Defendant Sun Auto & Tire Service ("Sun Auto"). Doty alleges that he experienced discrimination during his employment with Sun Auto, which included: (1) being subject to "increased scrutiny" and "schedule manipulation" his Caucasian co-worker was not; (2) performing "advanced mechanical work" beyond his job classification without additional compensation; and (3) being presented with

four "fabricated" disciplinary write-ups.[1] Doty further alleges that he was ultimately terminated on March 22, 2025, to "make room" for the district and store managers to hire a "friend from high school" to replace Doty.[2]

Based on the foregoing, on August 28, 2025, Doty filed suit in the Fort Bend County 268th Judicial District Court alleging claims for race and religious discrimination and retaliation under Title VII of the Civil Rights Act ("Title VII") and the Texas Commission on Human Rights Act ("TCHRA"), "unpaid wages and misclassification" under the Fair Labor Standards Act ("FLSA") and Texas Labor Code, and negligent supervision and retention under Texas common law.[3] On October 13, 2025, Sun Auto removed the case to this Court pursuant to the Court's diversity jurisdiction. On October 20, 2025, Sun Auto filed a motion to dismiss Doty's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] Doty did not respond to the pending motion to dismiss within either the original response date required under the federal rules, or the date of this Order.

---

[1] *See Plaintiff's Original Petition*, Document No. 1, Exhibit A at 8–11.

[2] *See Plaintiff's Original Petition*, Document No. 1, Exhibit A at 10.

[3] *See Plaintiff's Original Petition*, Document No. 1, Exhibit A at 6–26.

[4] *See Defendant's Rule 12(b)(6) Motion to Dismiss*, Document No. 5 at 1–15.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

3

### III.  LAW & ANALYSIS

Sun Auto moves to dismiss Doty's complaint, contending that Doty fails to state a claim upon which relief can be granted. Doty did not respond to the motion to dismiss, failing to rebut or offer evidence to counter any of Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Doty's failure to respond to the pending motion to dismiss, the Court will consider, in turn, each claim Sun Auto contends should be dismissed.

### A. Race and Religious Discrimination Under Title VII and TCHRA

Doty brings claims for racial and religious discrimination pursuant to Title VII and the TCHRA, alleging that Sun Auto discriminated against him because Doty is both African American and Christian. Sun Auto contends that Doty's complaint fails to set forth facts sufficient to state a claim for relief. Doty offers no rebuttal.

Federal courts evaluate Title VII claims for racial and religious discrimination under the *McDonnel Douglas* burden-shifting analysis in instances where the plaintiff has pled no direct evidence of discrimination.  *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). "Under that framework, the plaintiff must first establish a prima facie case of discrimination, which requires a showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at

4

issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). The Fifth Circuit has consistently held that the "similarly situated" standard is met only when the plaintiff shows that their circumstances and the comparator non-protected class member's circumstances are "nearly identical." *See Perez v. Tex. Dept. of Criminal Justice*, 395 F.3d 206, 213 (5th Cir. 2004).

Here, Sun Auto contends that Doty "has presented no facts to establish that he was replaced by someone outside the protected class or similarly situated individuals outside his protected class were treated more favorably."[5] Sun Auto further contends that Doty failed to show a single similarly situated comparator that was treated more favorably than him. Sun Auto further contends that Doty fails to plead facts that establish that race or religion were the reasons for his termination. A review of the Complaint in this matter reveals the only comparator offered by Doty is a Mechanic, a job duty that Doty describes in his complaint as being "outside of the scope of [his] job description" which "require[d] specialized training and certification."[6] Doty

---

[5] *See Defendant's Motion to Dismiss for Failure to State a Claim*, Document No. 5 at 7.

[6] *See Plaintiff's Original Petition*, Document No. 1, Exhibit A at 9.

further notes in his complaint his status as a "General Service Technician," which, by Doty's own admission, does not have nearly identical job duties and responsibilities to his comparator required under strong Fifth Circuit precedent.[7] Additionally, a review of Doty's complaint reveals an admission by Doty that the "real reason" for his termination was his managers desire to make room for a high school friend, undercutting Doty's burden to show that his race or religion was the basis for his termination.[8]

Having considered the foregoing and the Fifth Circuit's strong guidance that the circumstances of the plaintiff and the comparative non-protected claim member must be nearly identical, the Court finds that Doty has failed to plead sufficient facts to bring a Title VII or TCHRA claim that is anything more than speculative. Accordingly, the Court finds that Doty's claims for racial and religious discrimination should be dismissed. The Court will now consider Doty's claims for retaliation under Title VII and TCHRA.

*B. Retaliation Under Title VII and TCHRA*

Doty brings claims for retaliation pursuant to Title VII and the TCHRA, alleging that Sun Auto retaliated against him because Doty is both African American

---

[7] *See Plaintiff's Original Petition*, Document No. 1, Exhibit A at 8–9.

[8] *See Plaintiff's Original Petition*, Document No. 1, Exhibit A at 10–11.

and Christian. Sun Auto contends that Doty's complaint fails to set forth facts sufficient to state a claim for relief. Doty offers no rebuttal.

Title VII retaliation claims that are based on circumstantial evidence are analyzed under the familiar burden-shifting framework outlined in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *See Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020). Under the *McDonnell Douglas* framework, a plaintiff must first establish a prima facie case of retaliation by showing that: (1) he engaged in activity protected by Title VII; (2) a materially adverse employment action against him occurred; and (3) there was a causal link between his protected activity and the adverse action. *See Brown, 969 F.3d at 577.* To satisfy the causation prong, a causal link is established if the facts show that the adverse employment action was "based in part on knowledge of the employee's protected activity." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001).

Here, Sun Auto contends that Doty fails to plead that any alleged protected activity was the cause of his termination. Sun Auto notes for the Court Doty allegation that his manager's desire to hire a friend was the "real" reason why Doty was terminated.[9] Doty offers no rebuttal. Based on the foregoing, submissions, and applicable law, the Court determines that Doty's claims for retaliation should be

---

[9] *See Plaintiff's Original Petition*, Document No. 1, Exhibit A at 10–11.

dismissed. The Court will now consider Doty's claims for unpaid wages and misclassification brought under the FLSA and Texas Labor Code.

### C. Wage Claims Under the FLSA and Texas Labor Code

Doty alleges that Sun Auto is liable under both the FLSA and Texas Labor Code for not properly paying him higher wages for performing certain work at a higher level than his experience. Sun Auto contends that Doty's claims for unpaid wages and misclassification fail as a matter of law because they are not cognizable under the FLSA or Texas Labor Code. Doty offers no rebuttal.

The FLSA provides civil causes of action only for "unpaid overtime compensation" and "unpaid minimum wages." 29 U.S.C. § 216(b). "Without a claim for either the minimum wage or the overtime premium rate, [a plaintiff] is not alleging a FLSA violation." *Karna v. BP Corp. N. Am., Inc.*, 11 F. Supp. 2d 809, 816 (S.D. Tex. 204), *aff'd*, 609 F. App'x 814 (5th Cir. 2015). Similar to the FLSA, the Texas Labor Code does not provide a cause of action for alleged failures to pay wages at a certain rate. *See* Tex. Labor Code §§60.011, 60.018.

Here, Sun Auto contends that Doty fails to allege that he was not paid minimum wage or overtime. Rather, a review of the complaint in this matter reveals that Doty only alleges that Sun Auto failed to pay him at a higher rate for the tasks he performed. Accordingly, the Court finds that Doty has failed to plead a recognized claim under the FLSA or Texas Labor Code, and thus, his wage-related claims

should be dismissed. The Court will now consider Doty's claims for negligent supervision and retention brought under state common law.

### D. Negligent Supervision and Retention Under State Common Law

Doty asserts claims for negligent supervision and retention, alleging that Sun Auto breached a duty to Doty by employing Dusty, "a mechanic who repeatedly reported to work under the influence of drugs and alcohol, posed a danger to coworkers and customers, and demonstrated a consistent pattern of unprofessional and unsafe behavior in the workplace."[10] Sun Auto contends that Doty fails to plead any facts that any harm or damages resulted from Sun Auto's retention of Doty's coworker Dusty. Doty offers no rebuttal. Considering both Texas and federal courts' clear guidance that damages must be actual, and not merely speculative, the Court finds that Doty's claims for negligent supervision and retention brought under state common law should be dismissed.

### E. Unserved Doe Defendants

Doty also asserts claims against "Does 1-25," which Doty describes as unidentified "agents, employees, and representatives of their fellow co-defendants … vicariously liable for the acts of each other."[11] The Court notes that Doty filed

---

[10] *See Plaintiff's Original Petition*, Document No. 1, Exhibit A at 21.

[11] *See Plaintiff's Original Petition*, Document No. 1, Exhibit A at 7.

this case in state court on August 28, 2025. Pursuant to Federal Rule of Civil Procedure 4(m), service was required to be made upon all Defendants ninety days later, by November 26, 2025. A review of the record in this case reveals that Doty has failed to serve any of the unidentified Doe Defendants either by the timeline required under the Federal Rules or by the date of this Order. Based on the foregoing, the Court finds that Doty's claims against the unidentified Doe Defendants should be dismissed.

Having considered the pending motion, submissions, and applicable law, the Court finds that Doty states no plausible claim upon which relief can be granted with respect to the defendants in this case. Accordingly, the Court determines that the pending motion should be granted, and Doty's claims against all defendants in this matter should be dismissed.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** Defendant Sun Auto & Tire Service's Rule 12(b)(6) Motion to Dismiss (Document No. 5) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Charles Thomas Doty's claims against all Defendants are **DISMISSED**.

**THIS IS A FINAL JUDGMENT.**

10

SIGNED at Houston, Texas, on this __5__ day of December, 2025.


DAVID HITTNER
United States District Judge